IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HOLLEY GOINS,                                   06-CV-1402-BR

              Plaintiff,                        OPINION AND ORDER

v.

WINCO FOODS, LLC,

              Defendant.


**ROGER A. HENNAGIN**
Roger A. Hennagin, P.C.
8 North State Street, Suite 300
Lake Oswego, OR 97034
(503) 636-0400

              Attorney for Plaintiff

**TAMARA E. RUSSELL**
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, OR 97204
(503) 224-5858

              Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on the Motion for Summary Judgment (#10) filed by Defendant Winco Foods, LLC.

Plaintiff Holley Goins initially filed this action in Multnomah County Circuit Court on July 30, 2006, and asserted two claims against Defendant:  Claim One for wage-claim retaliation in violation of Or. Rev. Stat. § 652.355 and 29 U.S.C. § 215 and Claim Two for disability discrimination in violation of Or. Rev. Stat. § 659A.112.

Defendant removed this action on October 3, 2006, and filed its Motion for Summary Judgment on June 1, 2007.  In response, Plaintiff conceded summary judgment as to Claim Two and also conceded summary judgment as to that part of Claim One based on an alleged violation of 29 U.S.C. § 215(a)(3).  The only issue remaining, therefore, is whether Defendant is entitled to summary judgment with respect to that part of Claim One in which Plaintiff alleges Defendant retaliated against her in violation of Or. Rev. Stat. § 652.355.

The Court heard oral argument on August 6, 2007, regarding Defendant's Motion and took it under advisement at that time.

For the reasons that follow, the Court **DENIES** Defendant's Motion for Summary Judgment.

**BACKGROUND**

Plaintiff worked for Defendant at its stores in Corvallis and McMinnville, Oregon, for a period in 1993 and from May 1994 until her discharge on July 7, 2005.  During that time, Plaintiff was disciplined for misconduct on a number of occasions.  The most severe of these disciplinary actions occurred on March 2, 2005, when Plaintiff was suspended for "acts of disrespect towards management" that arose in connection with an oral altercation with a supervisor.  Nevertheless, Plaintiff remained an employee at Defendant's McMinnville store until July 5, 2005.

In May 2005, Plaintiff received a summons for jury duty to begin July 5, 2005.  Defendant's policy regarding employee jury-duty service provides:

> Jury Duty Leave - Employees called for jury duty or summoned for witness [*sic*] shall be paid the difference between Jury or Witness fee and normal earnings for regularly scheduled hours on the same day, with the employee to report to work if excused.  Jury duty pay shall at no time exceed two weeks pay at regular rate of pay based on the average hours worked during the last fifty-two (52) weeks.

In accordance with this policy, an employee who is summoned for jury duty on a scheduled work day and is then excused from jury duty must report to work after being excused.  The parties agree this policy, however, does not require Defendant to schedule an employee for work on the day when the employee is called for jury duty.

3 - OPINION AND ORDER

Plaintiff contends she told her supervisors on at least two occasions that she had jury duty on July 5, 2005. Employee Association representative Karen Brix testified Plaintiff was not scheduled to work on July 5 because she had requested that day off to attend jury duty. It is not disputed, in fact, that Plaintiff was not listed on the official written schedule to work on July 5. Nevertheless, Plaintiff asserts she believed at the time that she was scheduled to work on July 5 primarily because her store manager, Dan Gilbreth, allegedly told her informally to "come in after my jury duty[] and that if they needed me, then I'd stay and work." Goins Dep. 127:23-127:25.

Plaintiff reported to jury duty on the morning of July 5, 2005, and was excused. Plaintiff then reported for work on July 5, as she contends she was instructed to do by Gilbreth. Once there, however, Plaintiff was told she was not needed. At that time, Plaintiff asserts Sandra Arquette, the store secretary, told Plaintiff that she would be paid for the day in accordance with Defendant's jury-duty policy. Later, however, Arquette learned Plaintiff was not officially scheduled to work on July 5 and telephoned Plaintiff to inform her that she would not be paid for that day after all. Plaintiff then told Brix that she wanted to meet with Gilbreth, who apparently was not scheduled to work again until July 7.

On July 7, 2005, Plaintiff attended a meeting with Gilbreth

4 - OPINION AND ORDER

and Brix.  Plaintiff told Gilbreth that she thought she should be
paid for July 5, 2005, in compliance with Defendant's jury-duty
policy.  Plaintiff asserts Gilbreth stated during the meeting
that he did not remember hearing about Plaintiff's jury duty
before the meeting.  Gilbreth, however, maintains he did not deny
knowing about Plaintiff's jury duty.  In any case, Gilbreth
asserted Defendant's jury-duty policy did not require Defendant
to pay Plaintiff for July 5 because she was not scheduled to work
that day.  Nevertheless, Plaintiff insisted she was entitled to
be paid for that day.  In fact, Brix testified Plaintiff began to
get "agitated because she was determined she was going to get
paid."  Brix Dep. 41:16-41:18.

      The discussion between Plaintiff and Gilbreth became heated.
Plaintiff believed Gilbreth was lying and admits she repeatedly
called him a liar.  Gilbreth steadfastly asserted Plaintiff would
not be paid for July 5 and asked Plaintiff to stop calling him a
liar.  At some point Plaintiff stood up and started to leave the
room.  Gilbreth told her to sit down because he wanted to discuss
the issue further.  Plaintiff refused.  Gilbreth then told
Plaintiff that she was fired.

      At deposition, Plaintiff testified about the end of the
meeting:

            And then that's when [Gilbreth] points to the
            chair.  Of course not happily because he was
            blowing.  And he -- I had -- I'm not sure if
            I stepped forward or not.  I -- I said to

him, I said:  No, I prefer to stand.  And
then even louder he yelled, said I need to
sit in that chair or I'm fired.  And then I
let him know, again, that I preferred to
stand.  And pointing to the door.  And says,
yelling:  You're fired.  And so I calmly
said:  Okay.  And turned around and I
unloaded -- went to the break room and
unloaded my locker and waved good-bye and out
the door I went.

                         * * *

Q:  And you mentioned your discussion of
this meeting with Dan [Gilbreth].  You said
something to him to the effect of, if I say
you're a liar, you'll fire me.  Told him I
preferred to stand and he said:  You're
fired.  Why do you think you were fired; is
it because you refused to sit down?

A:  Yes.

Q:  Is it because you called him a liar?

A:  Called -- I --

Q:  Do you think you were fired because you
called him a liar?

A:  I said no.

Goins Dep. 113:5-113:17; 141:11-141:22.


## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary

judgment if no genuine issue exists regarding any material fact

and the moving party is entitled to judgment as a matter of law.

The moving party must show the absence of an issue of material

fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th

Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.  An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).  The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

Defendant contends it is entitled to summary judgment because (1) Plaintiff did not state a "wage claim" for purposes of Oregon Revised Statutes § 652.355 and (2) even if Plaintiff had stated a wage claim, Defendant terminated Plaintiff solely for insubordination toward Gilbreth, her manager, rather than in retaliation for making a wage claim.

Oregon Revised Statutes § 652.355(1) provides:

> No employer shall discharge or in any other manner discriminate against any employee because:
>
> (a) The employee has made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim.
>
> (b) The employee has caused to be instituted any proceedings under or related to ORS 652.310 to 652.414.
>
> (c) The employee has testified or is about to testify in any such proceedings.

**I.    Whether Plaintiff Has Made a Wage Claim.**

**A.    Or. Rev. Stat. § 652.320(7).**

Or. Rev. Stat. § 652.320(7) defines the term "wage claim" as follows:

> "Wage claim" means an employee's claim against an employer for compensation for the employee's own personal services, and includes any wages, compensation, damages or civil penalties provided by law to employees in connection with a claim for unpaid wages.

B.    **Analysis.**

Defendant contends Plaintiff did not make a wage claim within the meaning of Oregon law.

The Oregon Supreme Court has not addressed the meaning of the term "wage claim."  In *Perri v. Certified Languages International*, however, the Oregon Court of Appeals addressed the issue.  187 Or. App. 76, 78 (2003).  In *Perri*, the plaintiff believed the defendant's compensation rates were not commensurate with the hours that she and her coworkers actually worked.  *Id.* The plaintiff sent an email to defendant's chief-executive officer outlining a new "pay structure to be effective immediately."  *Id.* at 79.  After failing to receive a response from the defendant, the plaintiff sent another email in which she requested an answer "by tomorrow so that we know how to proceed." *Id.*  The next day the defendant fired the plaintiff.  *Id.* Shortly thereafter, the plaintiff filed an action against the defendant on several grounds, including her termination allegedly in retaliation for the making of a "wage claim" in violation of § 652.355.  The Oregon Court of Appeals, however, held the plaintiff's actions were not based on a protected wage claim.  In light of the emphasis in § 652.320(7)[1] that a wage claim means a claim for unpaid wages, the court held a wage claim for purposes

_____

[1] At the time *Perri* was issued, Or. Rev. Stat. § 652.320(7) was titled Or. Rev. Stat. § 652.320(9).  Thus, the *Perri* court referred to § 652.320(7) by its previous number.

9 - OPINION AND ORDER

of § 652.355

> must be either a claim for payment for
> services previously rendered or a claim for
> wages, compensation, damages, or civil
> penalties in connection with a claim for
> unpaid wages-that is, a claim for wages for
> services previously rendered.

*Id.* at 91.  Because the plaintiff attempted through her emails to obtain prospective pay increases rather than compensation for services "previously rendered," the court held the plaintiff had not made a wage claim.  *Id.* at 79, 91.

Here Defendant argues Plaintiff did not make a statutorily protected wage claim pursuant to *Perri* because she was not seeking compensation for services previously rendered.  Defendant contends Plaintiff attempted to obtain pay for July 5, 2005, even though she had not rendered services to Defendant on that day. Defendant, therefore, asserts Plaintiff's claim does not constitute a wage claim under *Perri* even when the facts are viewed in the light most favorable to Plaintiff.

When deciding issues of state law, this Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it. *S.D. Myers, Inc. v. City and County of San Francisco,* 253 F.3d 461, 473 (9th Cir. 2001).  If no decision by the Oregon Supreme Court is available, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.  *Id.*  Thus, the Oregon

10 - OPINION AND ORDER

Court of Appeals ruling in *Perri* is significant, but it is not binding on this Court.  In any event, *Perri* is distinguishable from this case.

In *Perri*, the plaintiff sought prospective wage increases, rather than payment for past services.  *Perri,* 187 Or. App. at 79, 91.  Here the issue is whether Plaintiff has stated a wage claim for purposes of § 652.355 by alleging she was fired in retaliation for asserting her right to "past wages" for a day that she performed jury duty but did not work for Defendant. Thus, this matter is factually distinct from *Perri* in a significant way.

Moreover, Plaintiff's assertion of her right to be paid for July 5, 2005, fits within the statutory definition of a wage claim within the meaning of § 652.320(7).  Under Defendant's policy, payment for serving on jury duty on a day an employee is scheduled to work could be considered the equivalent of payment for an employee's past "personal services" rendered on a regularly scheduled work day even though the employee is serving on jury duty.  Even though Plaintiff conceded in her response to Defendant's Motion that she is not entitled to be compensated for July 5, 2005, under Defendant's policy because she was not on the official schedule for that day, Plaintiff alleges she firmly believed at the time of the meeting on July 7, 2005, that she was entitled to wages for that day at least in part because she

11 - OPINION AND ORDER

Gilbreth allegedly told her to come in after her jury duty. Neither party argues nor does Oregon law appear to require that an employee has to be objectively correct about the underlying claim for an anti-retaliation protection to attach.  *See, e.g., Yeager v. Providence Health Sys. Or.*, 195 Or. App. 134, 141-42 (2004)(court noted several Oregon anti-retaliation statutes, including Oregon Revised Statutes § 652.355, do not require an employee to prove the underlying claim to state a retaliation claim)(quoting *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107, 111-12 (1984)).

Thus, viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has adequately stated a wage claim under Oregon Revised Statutes § 652.320(7) for purposes of bringing a retaliation claim under § 652.355.  Accordingly, the Court denies Defendant's Motion for Summary Judgment on this ground.

**II.   Whether Defendant Terminated Plaintiff in Retaliation for Pursuing a Wage Claim.**

As noted, Plaintiff asserts Defendant is liable on the basis that Defendant terminated Plaintiff in violation of § 652.355(1)(a) for making a "wage claim" to her supervisor Dan Gilbreth, on July 7, 2005.  Defendant, however, asserts it terminated Plaintiff solely for her insubordination during the July 7, 2005, meeting.

12 - OPINION AND ORDER

### A.   Burden of Proof.

Under Oregon Revised Statutes § 652.355, the plaintiff must show an employer discharged her "because of the employee's wage claim." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1076 (9th Cir. 2005).  An employer may prevail, however, if it establishes it would have made the same decision with respect to the employee in any event.  *Id.*

### B.   Analysis.

Defendant's employee policy provides an employee can be terminated without prior warning for "gross misconduct" that includes "fighting with customers, fellow employees[,] or management."  Russell Decl. Ex. 1 at 73, 83.  Defendant points out that Plaintiff had a history of disciplinary problems, including a previous suspension for insubordinate behavior toward a manager.  In fact, as Defendant notes, Plaintiff testified she thought at the time she was fired for refusing to sit down during the meeting with Gilbreth and Brix.  In addition, Defendant contends there is not any evidence of pretext in this record, and, therefore, Defendant has established as a matter of law that it would have made the "same decision" to fire Plaintiff regardless of her "wage claim."

It appears the meeting held on July 7, 2005, was for the sole purpose of addressing Plaintiff's assertion that she was entitled to wages for the day of July 5, 2005.  On this record,

13 - OPINION AND ORDER

the Court concludes a jury reasonably could find that Plaintiff believed at the July 7 meeting that she had a right to be paid for July 5 under Defendant's jury-duty policy, particularly in light of her testimony that Gilbreth instructed her to report to work if excused from jury duty, and that Plaintiff was pursuing her statutory right to make a wage claim when the discussion escalated. Thus, a jury also could find that a factor in Defendant's decision to discharge Plaintiff was her insistence to pursue the wage claim.

The Court also concludes the record does not establish that Defendant is entitled to summary judgment as a matter of law on the "same decision" defense. As noted, all inferences must be drawn in Plaintiff's favor at this stage of the proceeding. *See Villiarimo*, 281 F.3d at 1061 (on a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmovant). Viewing the totality of these circumstances in that light, the Court cannot determine conclusively that no reasonable juror could regard Defendant's termination of Plaintiff as motivated by anger and/or resentment at Plaintiff's persistence in invoking her perceived right to wages for July 5, 2005, rather than because of Plaintiff's insubordination. Moreover, there is also a jury question as to whether Defendant nonetheless would have terminated Plaintiff's employment because of her insubordination even if it also harbored a retaliatory motive.

14 - OPINION AND ORDER

Accordingly, the Court concludes genuine issues of material fact exist as to whether Defendant terminated Plaintiff in retaliation for her persistence in making a wage claim and, even so, if Defendant would have terminated Plaintiff's employment anyway.  The Court, therefore, denies Defendant's Motion.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (#10).

IT IS SO ORDERED.

DATED this 23rd day of August, 2007.


____/s/ Anna J. Brown_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER